UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RRMS ADVISORS, LLC,   Civil Action No._____

                Plaintiff,   **VERIFIED COMPLAINT**

                   [DEMAND FOR BENCH TRIAL]

   -against-

AMERITRUST MORTGAGE CORPORATION,

                Defendant.
-----------------------------------------------------------------X

       Plaintiff, RRMS ADVISORS, LLC, by and through its attorneys, BRIAN H. BLUVER, ESQ., for and by his VERIFIED COMPLAINT against AMERITRUST MORTGAGE CORPORATION alleges as follows:

### PRELIMINARY STATEMENT

       Defendant Ameritrust Mortgage Corporation ("Defendant" or "Ameritrust"), entered into a services agreement with Plaintiff, RRMS Advisors, LLC, ("Plaintiff" or "RRMS"), in a successful effort to purchase and transfer mortgage servicing data – investor accounting and regulatory reporting to Dovenmuehle Mortgage Servicing of Illinois in a fairly expeditious manner. RRMS worked assiduously for Ameritrust masterminding and uncovering embezzlement, putting in 16-hour days while taking calls and answering emails from Ameritrusts' staff at all hours, coordinating various of Ameritrust's business efforts, advising Ameritrust with respect to the mortgage loan serving portfolio and dealing with the fallout from Ameritrust's unfamiliar and naïve behavior. Upon information and belief, once Ameritrust reaped the tremendous benefits of RRMS's efforts, Ameritrust attempted to secure all the rewards itself by selling a portion of the interests in its newly acquired mortgage servicing rights, to a third-party

1

investor group for over $700,000.00 and refusing to pay RRMS the amounts owed to it by purporting to unilaterally terminate the agreement and by refusing to pay RRMS the amounts owed to it. This verified complaints seeks to make Ameritrust honor its agreement with RRMS and pay RRMS that which is due to it.

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff RRMS, is domestic corporation with its principal place of business located at 56 West 45th Street, 16th Floor, New York, New York 10036.

2. Upon information and belief, Defendant Ameritrust is a business registered with Oregon Secretary of State, Corporation Division. The business address is 17341 Irvine Blvd Ste 285, Tustin, CA 92780.

3. This Court has original jurisdiction of this civil court action pursuant to 28 U.S.C. § 1332(a) diversity because Plaintiff and Defendant are entities of different states and the amount in controversy exceeds the sum or value of $75,000.

4. Venue is proper in this judicial district because it is where a substantial part of the events or omissions giving rise to RRMS's claims occurred. *See* 28 U.S.C. § 1391 (b).

5. This Court may exercise personal jurisdiction over Ameritrust because it transacted business within the State---specifically with RRMS—and this action arises out of that business. RRMS and Ameritrust entered into an Agreement, the terms of which are more fully set forth below (the "Agreement"). The Agreement was entered into in New York and contemplate Ameritrust's performance thereunder in New York.

## GENERAL ALLEGATIONS

6. On or about March 14, 2022, RRMS and Ameritrust executed a written agreement denominated RRMS Letter of Engagement.

7. Ameritrust acting in its capacity as Mortgage Originator, purchaser and master servicer of mortgage loan files from a third party engaged RRMS to assist in the purchase and transfer of mortgage servicing data—investor accounting and regulatory reporting to Dovenmuehle Mortgage Servicing of Illinois

8. Pursuant to the Agreement, RRMS performed all services required for Ameritrust to transfer the Mortgage Portfolio to Dovenmuehle. RRMS remitted bi-weekly invoices to Ameritrust for the work performed between March 14, 2022, through July 24, 2022. In June 2022, Ameritrust unilaterally terminated the Agreement and ceased remitting payments.

9. RRMS efforts were the sole reason and provided the required due diligence and forensic work needed for the purchase and transfer to Dovenmuehle Mortgage Servicing of Illinois by Ameritrust.

10. More specific, Ameritrust was on a time of the essence time period (90-days) obligation to sell and transfer the Mortgage Portfolio to Dovenmuele Mortgage Servicing of Illinois and further required RRMS to utilize a staff of employees to successfully complete the task at hand at an expeditious pace.

11. In addition, RRMS' remarkable forensic audit as part of the transfer process uncovered embezzlement claims upward of $500,000, which Ameritrust has submitted a proof of claim to its insurance company, Aspen Specialty Insurance Company, and should recover

3

the entire $500,000. Without this discovery, Ameritrust would not have been able to transfer the servicing portfolio to Dovenmuele Mortgage Servicing of Illinois.

12. Once Ameritrust obtained the benefits of RRMS's efforts, it apparently decided that it would reap the benefits from the work of RRMS for itself. Ameritrust purported to unilaterally terminate the Agreement with RRMS and disavowed any further obligations to RRMS.

13. Pursuant to the terms of the Agreement, RRMS is entitled to payment of, among other amounts, $115,438.50, for services thereunder, an amount that remains unpaid. The Agreement also entitled the prevailing parties to reasonable attorneys fees.

## COUNT I – BREACH OF CONTRACT

14. RRMS hereby incorporates by reference allegations in paragraphs 1-14.

15. RRMS and Ameritrust entered into a valid and binding contract---specifically, the RRMS Letter of Engagement.

16. RRMS performed any and all conditions precedent and obligations for which it is seeking payment under the RRMS Letter of Engagement.

17. Ameritrust is indebted to RRMS for services rendered under the RRMS Letter of Engagement, in the amounts of $115,438.50.

18. Although RRMS has demanded payment, Ameritrust has failed and refused to pay.

19. RRMS has been damaged by Ameritrust's non-payment.

## COUNT II - *QUANTUM MERUIT*

20. RRMS hereby incorporates by reference allegations in paragraphs 1-20.

21. Before entering into the RRMS Letter of Engagement, and at the request of Ameritrust, RRMS in good faith provided Ameritrust, with the services it required without hesitation.

4

22. Ameritrust accepted those services freely.

23. RRMS reasonably expected to receive compensation from Ameritrust for those services.

24. The reasonable value of those services is $115,438.50.

25. Although RRMS has demanded payment, Ameritrust has failed and refused to pay such sum and the amount remains unpaid.

26. RRMS has been damaged by Ameritrust's non-payment.

### COUNT III – UNJUST ENRICHMENT

27. RRMS hereby incorporates by reference herein the allegations in the above paragraphs 1-27.

28. Before and subsequent to entering into the RRMS Letter of Engagement, and at the request of Ameritrust (and to its benefit), RRMS, at its own expense, provided Ameritrust for all services it required and necessary to complete the task at hand.

29. Under these circumstances, equity and good conscience demand that Ameritrust give restitution for its receipts of the benefits of RRMS conferred, in the amount of the reasonable value of the services.

30. The reasonable value of those services is $115,438.50.

31. Although RRMS has demanded payment, Ameritrust has failed and refused to pay such sum and the amount remains unpaid.

32. RRMS has been damaged by Ameritrust's non-payment.

### PRAYER FOR RELIEF

Wherefore, Plaintiff RRMS Advisors, LLC hereby demands judgment in its favor and against Defendant Ameritrust Mortgage Corporation as follows:

5

A. For Compensatory damages in the amount of $115,438.50 for Ameritrust's breach of contract;

B. For compensatory damages in the amount of $115,438.50 for *quantum meruit* or unjust enrichment;

C. An award of Plaintiff's cost and reasonable attorney's fees; and

D. For such other and further relief as may be just and proper.

## DEMAND FOR BENCH TRIAL

Plaintiff RRMS Advisors, LLC hereby demands a bench trial on all issues so triable of right.

Dated: New York, New York
       January 2, 2023

                                              Respectfully submitted,

                                              /s/ Brian H. Bluver
                                              Brian H. Bluver, Esq.
                                              56 West 45th Street, 16th Floor
                                              New York, New York 10036
                                              T – 516 456 5080
                                              F – 347 602 9051
                                              bbluver@responseco.com
                                              *Counsel for Plaintiff*
                                              *RRMS Advisors, LLC*

## CORPORATE VERIFICATION

ALLEN GUTTERMAN, of full age, attests as follows:

I am the CEO of Plaintiff, RRMS Advisors, LLC, in this action. I am authorized to make this Verification.

1. I have read the foregoing Verified Complaint and on my own personal knowledge and based on records in my possession, I know the facts set forth therein are true except for those facts stated on information and belief.

2. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

By: Allen Gutterman

Sworn and subscribed to before me
this 2nd day of January, 2023

By: _____
Notary Public

BRIAN HUNTER BLUVER
Notary Public, State of New York
No. 02BL6163885
Qualified in Nassau County
My Commission Expires 04/09/2023

7